**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOM STANLEY, JR.

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

No. 04-7084

(D.C. No. CIV-03-356-S)
(E.D. Okla.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

Petitioner Tom Stanley, Jr., an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations grounds. Because we do not believe jurists of reason would find debatable the district court's procedural dismissal of Stanley's petition, Slack v. McDaniel, 529 U.S. 473, 478 (2000), we deny his application for a COA and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I.

On May 17, 1999, Stanley was convicted in the District Court of Hughes County, Oklahoma, of Home Repair Fraud, after conviction of two or more felonies, in violation of Okla. Stat. tit. 15, §§ 761 and 765.3. Pursuant to the jury's recommendation, Stanley was sentenced to seventy-five years' imprisonment. Stanley appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Stanley's conviction and sentence on April 19, 2000.

Over two and a half years later, on November 15, 2002, Stanley filed a pro se application for post-conviction relief with the state trial court. That application was denied on January 27, 2003. Stanley appealed to the OCCA, which affirmed the denial of post-conviction relief on April 11, 2003.

On June 25, 2003, Stanley filed his federal habeas petition. Respondent moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d), which establishes a one-year period of limitations for habeas petitions. The district court granted respondent's motion, concluding that the one-year limitations period for Stanley to file a federal habeas petition expired on July 18, 2001, and that Stanley was not entitled to equitable tolling of the limitations period because he had failed to demonstrate due diligence in pursuing his federal habeas claims.

## II.

When a district court denies a habeas petition on procedural grounds, a COA will issue only if the prisoner can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. We need not reach the former issue in this case, however, because the record establishes that Stanley's habeas petition was untimely. In other words, for the reasons outlined below, we conclude the district court's procedural ruling was correct, and that Stanley has thus failed to establish his entitlement to a COA.

Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir.1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief ... is pending," see id. § 2244(d)(2), and may also in rare circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Here, the record clearly establishes, and Stanley does not dispute, that the one-year limitations period expired well before he filed his federal habeas petition. Specifically,

3

the OCCA affirmed Stanley's conviction and sentence on direct appeal on April 19, 2000. Stanley then had ninety days to file a certiorari petition with the United States Supreme Court. See 28 U.S.C. § 2101(c). When this period expired on July 18, 2000, the judgment in Stanley's case became "final" and the one-year limitations period began running. As a result, Stanley had until July 18, 2001, to timely file a federal habeas petition. The record is clear, however, that Stanley did not file his federal habeas petition until June 25, 2003, nearly three years after the limitations period began running. Although the record indicates that Stanley filed an application for post-conviction relief in the Oklahoma state courts, it is uncontroverted that he did not do so until well after the one-year limitations period had expired. Thus, the pendency of that state post-conviction proceeding could not have served to toll the federal limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Stanley argues, however, as he did below, that he is entitled to equitable tolling of the one-year limitations period. Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added). "[W]e have limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). "Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other

4

uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. We review for abuse of discretion a district court's decision whether or not to equitably toll the one-year limitations period. Id.

In support of his equitable tolling argument, Stanley points to what he referred to in the district court as three "exceptional circumstances . . . ." Response to Motion to Dismiss at 1. The first such circumstance, according to Stanley, is that he did not find out until March 15, 2001, that his direct appeal had been denied by the OCCA. A review of the record on appeal, however, seriously undercuts this allegation. In his response to the respondent's motion to dismiss, Stanley attached a letter, dated May 28, 2000, that he wrote to the attorney representing him on direct appeal. That letter states, in pertinent part: "My mother recently told me, that the appeals court denied my appeal." Response to Motion to Dismiss, Exhibit B at 1. Stanley's statement in this regard clearly undercuts his current assertion that he did not find out about the denial of his appeal until March 15, 2001. Even assuming, for purposes of argument, that Stanley did not find out about the denial of his direct appeal until March 15, 2001, the record is nevertheless clear that he took no immediate action thereafter to attempt to preserve his right to file a federal habeas petition.

The second "exceptional circumstance" alleged by Stanley is that, from April 2001 until recently, he was confined in several different facilities, none of which had a law

5

library or law clerks. Again, the record on appeal seriously undercuts Stanley's allegation in this regard. In support of its motion to dismiss, respondent submitted affidavits from corrections officials responsible for two of the facilities in which Stanley was confined. Both affidavits indicate that legal resources were available in those facilities, but that Stanley failed to utilize them. See Respondent's Motion to Dismiss, Exhibits I and K. Even ignoring these affidavits, we note we have routinely held that bare allegations of denial of access to a law library or legal resources, such as those asserted in this case by Stanley, are not sufficient, standing alone, to entitle a petitioner to equitable tolling. E.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); Miller, 141 F.3d at 978 ("It is not enough [for the petitioner] to say that the [out-of-state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

Finally, Stanley alleges that in late July 2001, he retained an attorney to file an application for post-conviction relief in the Oklahoma state courts, but that this attorney ultimately failed to do so. We conclude this allegation, if true, is not an extraordinary circumstance that might warrant equitable tolling. To begin with, we note there is no federal constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, Stanley cannot rely on his post-conviction counsel's alleged negligence as an excuse for his own failure to timely file either an

6

application for post-conviction relief or a federal habeas petition. Moreover, the record on appeal clearly suggests that Stanley did not retain post-conviction counsel until after the one-year limitations period for filing a federal habeas petition had expired.

In sum, we conclude the record on appeal fails to establish that Stanley acted in a diligent fashion to preserve his right to file a federal habeas petition, or that the circumstances pointed to by Stanley are so "extraordinary" that they would justify equitable tolling. Thus, we conclude the district court did not abuse its discretion in denying Stanley's request to equitably toll the one-year limitations period.

The application for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge